IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES, | ) | CR. NO. 04-00119 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING REQUEST TO |
| | ) | MODIFY RESTITUTION |
| vs. | ) | PAYMENT |
| | ) | |
| MICHAEL NOLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>ORDER DENYING REQUEST TO MODIFY RESTITUTION PAYMENT</u>**

Defendant Michael Nolond ("Noland") was sentenced by this court on October 20, 2005 to a 60-month term of incarceration. In addition, Noland was ordered to pay restitution in the amount of $13,275. Because the court did not determine that Noland was unable to pay interest, the interest on his restitution obligation was not waived.[1]  *See* March 8, 2006 Amended Judgment.

In a letter addressed to this court and postmarked January 26, 2007, Noland requested as follows:

---

[1] Pursuant to 18 U.S.C. § 3612(f)(1), a defendant must pay interest on restitution in excess of $2,500 unless paid in full before the fifteenth day after the date of judgment. But if the court determines that the defendant does not have the ability to pay interest, the court may waive the interest requirement. 18 U.S.C. § 3612(f)(3).

> Enclosed is a copy of my restitution acct. If I am reading it properly, the interest (which I must have forgotten) exceeds my current ability to pay. Although I do receive some money from church sponsors, its (sic) not enough to bring down my balance.
>
> Sir, if at all possible, could you postpone my payment until I am free to work and bring to closure my last legal debt to society. Thank you.

The attached Statement of Account from the United States Attorney's Office for the District of Hawaii reflects that on December 11, 2006, Noland paid $50 in principal, leaving a balance (principal and interest) of $13,691.02.

Although not clear, the court construes Noland's letter as a request to either reduce or postpone his restitution payments. The court declines to do either.

A sentence that imposes a restitution order constitutes a final judgment. 18 U.S.C. § 3664(o). A restitution order can be modified pursuant to 18 U.S.C. § 3664(k):

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

An adjustment in the payment schedule thus requires evidence of a "material change in the defendant's economic circumstances."  Noland has not brought forth any evidence of a change in his circumstances justifying a change in his payment schedule, whether by reducing his payments or postponing the payments.

Even if the court had express or inherent authority to order a postponement, it would decline to do so.  It appears that Noland is participating in the Inmate Financial Responsibility Program.  This program assists inmates in fulfilling their financial obligations, with money deducted from the prisoner's earnings in order to satisfy a financial obligation.  *See* 28 C.F.R. § 545.10; *United States v. Isienyi*, 207 F.3d 390, 393 (7th Cir. 2000).  Given Noland's offense conduct and prior criminal history, the court finds that his participation in this program is in his best interests.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 23, 2007.



J. Michael Seabright
United States District Judge

*Noland v. United States*; Cr. No. 04-00119 JMS; Order Denying Request to Modify Restitution Payment